# THE LAW OFFICE OF GEORGE STAVROPOULOS, P.L.L.C.

MAIL ALL CORRESPONDENCE
TO THE BROOKLYN OFFICE:
120 BAY RIDGE AVENUE, SUITE 210
BROOKLYN, NEW YORK 11220

March 12, 2012

MANHATTAN OFFICE:
20 WEST 36TH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10018

TEL: 718.797.1212
FAX: 718.797.4415
WWW.STAVLAW.COM

Honorable Judge Nina Gershon
United States District Court Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201
VIA ECF and OVERNIGHT COURIER

RE: SENTENCING MEMORANDUM
United States v. Numan Maflahi
03 CR 412

Dear Judge Gershon,

As you are aware, our offices represent the above captioned individual.

Numan Maflahi is scheduled to be sentenced by the Court for a violation of the terms and conditions of his supervised release on March 27, 2012 at 2:30PM.

On January 25, 2012, Mr. Maflahi pled guilty to Charge 1 of his Violation of Supervised Release Petition in full and final satisfaction of this matter.

Specifically, Mr. Maflahi confirmed his plea of guilty on January 24, 2012 to New York State Penal Law §170.20 (Criminal Possession of a Forged Instrument in the Third Degree – a Class A Misdemeanor). Consistent with the foregoing, Numan Maflahi possessed a carton of Newport cigarettes containing fraudulent tax stamps and loose cigarettes totaling the equivalent of four cartons.

1

We are respectfully providing this memorandum on behalf of Mr. Maflahi for purposes of providing certain information to the Court relevant to its determination of an appropriate sentence in connection with the instant matter.

## I.     Sentencing Options.

### (A)     The Operative Policy Statements.

The instant offense has been identified as a Grade C Violation as defined by U.S.S.G. § 7B1.1(a)(3) - the lowest level violation established by the U.S. Sentencing Commission.

Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2).

Should this Court decide that revocation is warranted, the Sentencing Commission has issued a policy statement providing that the Court may impose either:

   A) a sentence of imprisonment; or
   B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention... for any portion of the minimum term.

[USSG § 7B1.3(c)(2)]

Thus, should the Court choose to follow the policy statements of the Sentencing Commission, the Court may either sentence Mr. Maflahi to:

   A) 3-9 months imprisonment; or
   B) A minimum one day confinement with:
      a. the balance of 3-9 months community confinement or home detention; and
      b. an additional term of supervised release.

We are compelled to note that the sentencing recommendation proposed by the Probation Department (6 months confinement) is well above the minimum recommended by the Sentencing Commission. Moreover, Probation's sentencing recommendation includes an onerous

thirty (30) additional months of supervised release which the U.S Sentencing Commission only recommends in connection with a sentence that substitutes community confinement or home detention for actual incarceration.

### The Application of 18 U.S.C. 3553(a).

Several factors enumerated in 18 U.S.C. §3553 (a) should also be considered by the Court and weighed in fashioning an appropriate sentence. See Gall, (No. 06-7949, December 10, 2007); Booker, 543 U.S. at 245-46, 264-55; United States v. Crosby, 397 F. 3rd 103 (2nd Cir. 2005).

Thus, in addition to considering the Guidelines and policy statements as required by §3553(a)(4) and (a)(5), the Court must also consider the following factors:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed including:

  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B)  to protect the public from further crimes of the defendant;

(3)  the kinds of sentences available;

These §3553 (a) factors focus on the defendant as an individual and stand in sharp contrast to the mandates of U.S.S.G. Chapter 5, Part H ("Specific Offender Characteristics") which, absent extraordinary circumstances, forbid the Court's consideration of a defendant's personal characteristics and history.

Indeed, a sentencing Court is now *"required to consider a host of individual variables and characteristics excluded from those calculations*

3

*called for by the Guidelines*". United States v. West, 353 F. Supp. 517 (S.D.N.Y. 2005). Moreover, *"consideration of the §3553(a) factors is not a cut and dried process of fact finding and calculation, instead a district judge must contemplate the interplay among so many facts in the record and the statutory guideposts"*. United States v. Fernandez, 443 F. 3rd 19 (2nd Cir. 2006).

## II. History and Characteristics of the Defendant

### (A) Numan Maflahi's Family Circumstances.

(i) Reliance Upon Numan Maflahi

Mr. Maflahi resides with his soulmate of twenty two (22) years - wife Zainab Altoala along with their ten (10) children. The couple is devoted to raising their four daughters (ages 2, 10, 11 and 12) as well as six sons (ages 7, 8, 14, twin 17's and 20).

In this regard, son Ahmad's letter to the Court provides genuine insight into the nature of the family's relationship and the degree to which he, his brothers and sisters have come to rely upon their father:

> *"We love our father and when he is around life is much easier. He helps us with our school work a lot which resulted in at least a couple of my siblings grades improving by 30 to 40%. Every evening he spends at least two hours going through school work with every one of us, making sure that we are fully prepared for the next day of school and all homework's are done. My younger siblings are especially attached to him because he spends more time with them; dropping them off and picking them up from school; taking them out on weekends, teaching them how to ride a bike etc. If my Dad goes away they will be devastated...*
>
> *My Mother doesn't speak much English and she doesn't drive. Without my Dad she can't even go grocery shopping, which is a task for a big family like ours, or take us to doctor's appointments.*
>
> *My Dad is also the only provider for the family; without him there will be no income and we may be forced to leave the country which none of us want to. I am planning to go to college next year and without my*

4

*Dad there is no way I could afford that, there will be no financial support at all. I don't know how we will survive...".*

(Exhibit A: Ahmad Maflahi)

Indeed, the degree to which Mr. Maflahi is involved in the lives of his children has not gone unnoticed by his friends and peers as confirmed by the following:

*"In his role as a father, I have watched him mentor, coach, love, counsel and guide his children with mildness, empathy, and unwavering loyalty."*

(Exhibit B: James Kelley)

*"Numan has been a dependable friend, a devoted husband and a dedicated father. I have witnessed firsthand the positive impact his presence has on his family.*

*His children are respectful and studious. It would be a disservice to the structure and health of his family to remove Numan from their daily lives".*

(Exhibit C: Saifudiyn Davis)

A Defendant's familial responsibilities are a necessary and permissible factor in considering leniency in sentencing. U.S.S.G §5H1.6; see also United States v. Alba, 933 F 2d 1117 (2nd Cir. 1991) (*twelve year marriage, two children, living with disabled and dependent relative*). This philosophy is predicated upon the fact that the *"family circumstances case law of this and other circuits recognizes that courts should...attempt to build procedures, dispositions, and structures that foster extended family responsibilities"*. United States v. Rose, 885 F. Supp. 62, 63 (E.D.N.Y. 1995).

Mr. Maflahi's large family unit as described above would be the intended beneficiaries of any leniency provided by this Court on family circumstances grounds inasmuch as they are dependent and vulnerable individuals whom the defendant has demonstrated both devotion and commitment. United States v. Londono, 76 F. 3d 33, 36 (2nd Cir. 1996) (Court of Appeals *"recognized that a defendant's family responsibilities may*

5

*present such extraordinary circumstances that a downward departure is necessary and permissible"*).

In instances such as this, the reduction or elimination of time to be served in prison allows a defendant to continue to discharge his existing family responsibilities and avoids potentially relegating members of his family to public assistance. See e.g. United States v. Rivera, 994 F. 2d 942 (1st Cir. 1993); United States v. Alba, 933 F. 2d 1117 (2nd Cir. 1991); United States v. Johnson, 964 F. 2d 124 (2nd Cir. 1992). Leniency under these circumstances serves to *"reduce the destructive effects that incarceration of a defendant may have on innocent third parties"*. United States v. Milikowsky, 65 F. 3rd 4 (2nd Cir. 1995).

In light of the above, we respectfully submit that Numan Maflahi possesses familial responsibilities which are relevant to this Court's fashioning of an appropriate sentence.

### (B) Numan Maflahi's Foundation For Rehabilitation

Numan Maflahi is gainfully employed at two (2) small convenience stores in the Far Rockaway section of Queens, New York. In this capacity, he works long hours in less than ideal conditions within a neighborhood proven to be quite dangerous for purposes of supporting his large family.

Mr. Maflahi has now paid the principal amount of his fine to the United States of America in full. In doing so, he has now notably eliminated the possibility of any future issues by and between himself and the Government regarding same in the process.

Moreover, he has accepted responsibility for his transgression and stands before this Court with a sincere desire to place this matter behind him as expeditiously as possible while concomitantly continuing to build upon the rehabilitative foundation for his future.

We respectfully submit that the very high regards in which Mr. Maflahi is held by his family, friends and peers as confirmed in attached exhibits ensures he possesses support to assist him through this process.

### III. Conclusion

The Sentencing Commission itself *"stressed the difficulty of prescribing a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision"*. United States v. Merritt, 988 F 2d at 1309 (2nd Cir. 1993) [quoting U.S.S.G. Guidelines Manual, Ch. 1, Pt. A, intro. cmt. 4(b)].

Cognizant of this fact, the Court pronounced in United States v. Lara, 905 F. 2d 599, 604 (2nd Cir. 1990) that *"it was not Congress' aim to straitjacket a sentencing court, compelling it to impose sentences like a robot inside a glass bubble, and preventing it from exercising discretion, flexibility and independent judgment"*.

For the forgoing reasons, we ask that this Court impose a sentence of one (1) day confinement and three (3) months home detention to be followed by three (3) months of supervised release.

The Defense submits that such a sentence would not only be consistent with the policies of the Sentencing Commission, it would afford Mr. Maflahi the ongoing privilege of continuing to support his wife and ten children.

It is respectfully submitted that any protracted custodial sentence of Mr. Maflahi under these circumstances would be unduly harsh and far more harmful than warranted.

We thank you for your continued consideration in this matter.

Respectfully Submitted,

George Stavropoulos, Esq.

cc: A.U.S.A. Sean Flynn, Esq. - VIA CM/ECF

7