

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SCF

*610 Federal Plaza*
*Central Islip, New York  11722*

March 27, 2012

**Via ECF**

The Honorable Nina Gershon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  United States v. Numan Maflahi
>       Criminal Docket No. 03-412 (NG)

Dear Judge Gershon:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for March 27, 2012.  For the reasons set forth below, the government respectfully submits that the Court should sentence the defendant to a term of imprisonment within the advisory Guidelines range of 3 to 9 months.

      The defendant is currently serving a term of supervised release, having been convicted at trial on February 18, 2004, of making materially false statements to the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2).  Following his conviction, the Court sentenced the defendant to 60 months incarceration – the maximum term of imprisonment under the relevant statute.

      Upon being released from his term of incarceration, the defendant began being supervised by United States Probation in the Eastern District of New York.  Subsequently, the defendant was charged in a five-count violation petition with, inter alia, committing a new "federal, state or local crime."  See Violation Petition, dated November 2, 2011, at 3-4.  Specifically, the petition alleged that the defendant had been charged by the Queens County District Attorney's Office on June 29, 2011, with Possession of a Forged Instrument in the First Degree, in violation of New York State Penal Law 170.30.  According to the violation petition, on that date the defendant was found in possession of a large quantity of cigarettes whose packaging contained fraudulent tax stamps.  See Violation Petition, at 4.

Upon his arrest by state authorities, the defendant lied and denied any knowledge of the cigarettes found in his vehicle.  See id.

The defendant was ultimately convicted in state court on January 24, 2012, after pleading guilty to Criminal Possession of a Forged Instrument in the Third Degree, in violation of New York State Penal Law 170.20 – a misdemeanor offense.  Having then been convicted of a state crime, the defendant pled guilty before this Court the following day to Charge One of the instant petition.  The offense to which the defendant pled guilty in state court is a Grade C violation, and carries a Chapter 7 Guidelines range of 3 to 9 months.

For all the reasons stated in Probation's petition, the government respectfully submits that in this case, a sentence within the advisory Guidelines range is appropriate.  In particular, such a sentence is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.  See 18 U.S.C. § 3553(a)(1), (2).

As the Court will recall, it sentenced this defendant to the maximum possible period of incarceration after he was found to have lied to FBI agents about his relations with Sheikh Addullah Satar.  The time the defendant spent in federal prison during the last decade, apparently did not have the desired deterrent effect on him.  Subsequent to his release, the defendant has now admitted to being involved in additional criminal conduct.  The defendant has not pled guilty to charges 2, 3, 4, and 5 of the petition.  It bears note, however, that the allegations contained in all of those charges involve various levels of deceit towards the defendant's probation officer, Richard Koury – conduct that is disturbingly similar to that for which the defendant was convicted in 2004.  It is apparent that the defendant has not yet been deterred from entangling himself from criminal conduct.  The government respectfully submits that the sentencing goals of deterrence and the promotion of respect for the law warrant a sentence of 3 to 9 months here.  Those same goals also warrant that the defendant be continued on supervised release for an additional 30-month period so that his activities can be appropriately monitored by United States Probation moving forward.

3

      The defendant requests a more lenient sentence, arguing primarily that his "familial responsibilities" require his presence at home, and that without him, his family will be relegated to public assistance.  <u>See</u> Def. Ltr. at 5-6.  Such a reduction to the defendant's rather low Guidelines range is not warranted here.  Although the government is not unsympathetic to the defendant's wife and children, there is simply nothing in the defendant's filing to suggest that the defendant's incarceration will impress hardships on his family that are significantly different from those experienced by the families of hundreds or even thousands of other prisoners currently incarcerated in the federal system.

      For the foregoing reasons, the government respectfully submits that the Court should revoke the defendant's term of supervised release and sentence him to a term of imprisonment within the Guidelines range of 3 to 9 months.  At the conclusion of that term, the government respectfully submits that the Court should continue the defendant on supervised release for an additional 30 months.

                                  Respectfully submitted,

                                  LORETTA E. LYNCH
                                United States Attorney
                                Eastern District of New York

             By:   <u>/s/ Sean C. Flynn</u>
                    Sean C. Flynn
                    Assistant U.S. Attorney
                  (631) 715-7837

cc:  Clerk of the Court (NG) (by email)
     Counsel of Record (by ECF)
     Richard Koury, U.S. Probation Officer (by email)